UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | |
|---|---|
| SAM KWON, | Civil Action No.: 22-cv-10744 |
| Plaintiff, | **FLSA COMPLAINT** |
| -against- | JURY TRIAL DEMANDED |
| YHANG THECK RHEEM, RHEEM YHANG T (D/B/A YHANG T. RHEEM NEWSSTAND), JUNG CHAI YIM, JOHN AND JANE DOES 1-10, and XYZ CORPS 1-10, | |
| Defendants. | |

-------------------------------------------------------X

Plaintiff, SAM KWON, by and through his attorneys, Song Ramin PLLC, complaining of the Defendants, YHANG THECK RHEEM, RHEEM YHANG T. (D/B/A YHANG T. RHEEM NEWSSTAND), JOHN AND JANE DOES 1-10, and XYZ CORPS 1-10 (collectively referred to as "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and section 190 et seq. of the New York Labor Law ("NYLL") on behalf Plaintiff, Sam Kwon.

2. Defendants systematically and intentionally ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages,

–1–

compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the newsstand operated by Defendants, which is located in the Southern District of New York.

## PARTIES

5. The Plaintiff Sam Kwon is an individual who resides County of Queens, City and State of New York.

6. The Defendant YHANG THECK RHEEM is an individual who upon information and belief, resides in the County of Queens, City and State of New York and is the owner and manager of RHEEM YHANG T (D/B/A YHANG T. RHEEM NEWSSTAND).

7. The Defendant RHEEM YHANG T (D/B/A YHANG T. RHEEM NEWSSTAND) ("RHEEM NEWSSTAND") is an unincorporated entity, licensed to do business in the City of New York by the New York City Department of Consumer Affairs, bearing the license number: 2 063199-2-DCA.

8. RHEEM NEWSSTAND has its principal place of business at 1500 BROADWAY, FRONT A in the county of New York, City and State of New York.

9. The Defendant JUNG CHAI YIM is an individual who upon information and belief, resides in the County of Queens, City and State of New York and is the manager and employer at RHEEM

NEWSSTAND.

10. Upon information and belief, JUNG CHAI YIM is the nephew of Defendant YHANG THECK RHEEM.

11. Defendants employed Plaintiff as a store clerk at Defendants' newsstand at 1500 BROADWAY, FRONT A in the county of New York, City and State of New York.

12. Plaintiff worked for Defendants from in or about 2014 until in or about July of 2022.

13. Defendant RHEEM NEWSSTAND has employees engaged in commerce or in the production of goods for commerce and selling and/or was otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Defendant RHEEM NEWSSTAND is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Upon information and belief, RHEEM NEWSSTAND has annual gross revenue in excess of $500,000.

16. Throughout Plaintiff's employment, Defendant YHANG THECK RHEEM hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at RHEEM NEWSSTAND and XYZ Corps.  Defendant YHANG THECK RHEEM exercised sufficient control over RHEEM NEWSSTAND and XYZ Corps. to be considered Plaintiff's employers for purposes of the FLSA and the NYLL.

17. Throughout Plaintiff's employment, Defendant JUNG CHAI YIM hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at RHEEM NEWSSTAND and XYZ Corps.   Defendant JUNG CHAI YIM exercised sufficient control over

RHEEM NEWSSTAND and XYZ Corp. to be considered Plaintiff's employers for purposes of the FLSA and the NYLL

18. XYZ Companies (Fictitious Names, Nos. 1-10), John Does and Jane Does (Fictitious Names, Nos. 1-10), are fictitious defendants whose identities are unknown to Plaintiff at this time and whom, upon information and belief, are liable in damages to the Plaintiff arising out of tort or contract.

### PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

19. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/ or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

   a. failing to keep accurate records of hours worked by Plaintiff as required by the FLSA and the NYLL;

   b. failing to pay Plaintiff minimum wages for all hours worked;

   c. failing to pay Plaintiff overtime pay for all hours worked over forty hours per week;

   d. failing to provide Plaintiff with pay stubs/paying employees in cash or "under the table"; and

   e. failing to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours.

20. Defendants have engaged in their unlawful conduct pursuant to an admitted and openly stated policy of minimizing labor costs and denying employees their compensation, instead of paying Plaintiff a "fair wage."

21. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff.

22. From the period beginning in or about May of 2014 and continuing until in or about

July, 2022, Plaintiff worked for Defendants for five days each week. He was scheduled to normally work 6 days each week, every day except Thursdays, sometimes without a scheduled break or lunch. Plaintiff would work from 8 A.M. until past 7 P.M. on Mondays, Tuesdays, Wednesdays and Fridays. Plaintiff would work from 8 A.M. until past 8 P.M. on Saturdays and from 9 A.M. until past 5 P.M. on Sundays. Despite a set schedule of 63 hours or more per week, 6 days per week, for which Plaintiff never received any overtime pay, Plaintiff routinely worked in excess of 10 hours per day, five days per week. Defendants failed to pay minimum wages or overtime wages, and failed to provide paystubs or other required notices.

23. For his duration of employment with Defendant RHEEM NEWSSTAND, Plaintiff was paid a fixed salary.

24. From the beginning of his employment in 2014 until the end of his employment in or around July of 2022, Plaintiff was paid $640.00 per week.

25. Plaintiff never received any overtime compensation for the hours over 40 that he worked every week.

26. Plaintiff regularly worked more than 10 hours per day without a scheduled break or lunch.

27. Defendants regularly did not provide paychecks or paystubs to Plaintiff.

28. Defendants did not provide Plaintiff with notices informing him of, *inter alia*, his rate of pay at the time of hiring or at any time during his employment with Defendants.

### FIRST CAUSE OF ACTION
(New York Labor Law – Unpaid Minimum Wage)

29. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 27 as if fully set forth herein.

30. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652,

and supporting New York State Department of Labor Regulations.

31. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

32. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wages.

33. As a result of Defendants' willful violations of the NYLL, Plaintiff has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## SECOND CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

34. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 32 as if fully set forth herein.

35. Defendants were required to pay Plaintiff one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq*.

36. Defendants failed to pay Plaintiff the overtime wages to which they were entitled under the FLSA.

37. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

38. Due to Defendants' violations of the FLSA, Plaintiff and the I.P.T Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
(New York Labor Law – Unpaid Overtime)

39. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 37 as if fully set forth herein.

40. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1.5) times the regular rate of pay for all hours that he worked in excess of 40 in a workweek.

41. Defendants failed to pay Plaintiff the overtime wages to which they were entitled under N.Y. Labor Law § 652, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

42. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

43. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
(New York Labor Law – Spread-of-Hours Pay)

44. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 42 as if fully set forth herein.

45. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

46. By Defendants' failure to pay Plaintiff spread-of- hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

47. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FIFTH CAUSE OF ACTION
(New York Labor Law – Violation of the NYLL Notice and Recordkeeping)

48. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 46 as if fully set forth herein.

49. Defendants failed to provide Plaintiff with a written notice, in English and in Korean (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL§195(1).

50. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
(New York Labor Law – Violation of the NYLL Wage Statement Provisions)

51. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 49 as if fully set forth herein.

52. Defendants did not provide Plaintiff with a statement of wage with each payment of wages, as required by NYLL 195(3).

53. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

c. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and NYLL were willful;

e. enjoining future violations of the FLSA and NYLL by Defendants;

f. awarding Plaintiff damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

g. awarding Plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

h. awarding Plaintiff liquidated Damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

i. awarding Plaintiff pre- and post-judgment interest under the NYLL;

j. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

k. awarding such other and further relief as the Court deems just and proper.

Dated: December 20, 2022
    Bayside, New York

                                                               **SONG RAMIN PLLC**
                                                               *Attorneys for the Plaintiff*

                                                               /s/ *Farzad Ramin*
                                                               Farzad Ramin, Esq.
                                                               40-21 Bell Blvd., Second Floor
                                                               Bayside, New York 11361
                                                               Tel (718) 321-0770
                                                               Email: framin@songramin.com